**H.L. HAYDEN CO. OF NEW YORK, INC., Schein Dental Equipment Corp., Plaintiffs,**

v.

**SIEMENS MEDICAL SYSTEMS, INC., Healthco, Inc., Patterson Dental Co., Defendants.**

84 Civ. 0306 (GLG).

United States District Court, S.D. New York.

July 9, 1985.

Anderson, Russell, Kill & Olick, P.C., New York City, for plaintiffs; Lawrence

Kill, John E. Daniel, Deborah A. Swindells, New York City, of counsel.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant Siemans Medical Systems, Inc.; Robert B. Bernstein, New York City, of counsel.

Wachtell, Lipton, Rosen & Katz, New York City, for defendant Healthco, Inc.; Paul E. Levine, New York City, of counsel.

Mayer, Brown & Platt, New York City, for defendant Patterson Dental Co.; Michael Mills, New York City, of counsel.

Robert Abrams, Atty. Gen., State of N.Y., by Richard M. Weinberg, Elizabeth O'Neill, New York City.

Jim Mattox, Atty. Gen. of Tex., by Christine Monzigo, Austin, Tex.

## OPINION

GOETTEL, District Judge.

■ Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court, upon motion by one from whom discovery is sought, to "make any [protective] order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed.R.Civ.P. 26(c). Although protective orders are subject to modification, *American Telephone and Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1978), cert. denied, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979), there is little agreement as to the showing necessary to support modification. *See* Note, *Non-party Access to Discovery Materials in Federal Courts*, 94 Harv.L.Rev. 1085, 1091–92 (1981). Resolution of the question before us requires the Court to bring some order to the chaos that now characterizes this area of the law.

This is an appeal by the plaintiffs, H.L. Hayden Company of New York, Inc. and Schein Dental Equipment Corporation, from a ruling by Magistrate Sharon E. Grubin denying their motion for a modification of a protective order. The order prevents third-party access to documents that the plaintiffs have received from Siemens Medical Systems, Inc., Healthco, Inc., and Patterson Dental Company, the defendants in an ongoing civil antitrust action. The plaintiffs moved for modification of the order to enable them to comply with a civil investigative demand ("CID") served upon them by the Attorney General of Texas and a subpoena issued against them by the Attorney General of New York. These subpoenas demanded production of all documents held by the plaintiffs in connection with their action against the defendants.[1] The states wished to utilize these materials in their own preliminary investigation into the defendants' possible violations of state antitrust statutes. Neither New York nor Texas has commenced a suit against any of the defendants.

Magistrate Grubin's decision is in two parts. The first, ten pages of a 62–page transcript, *H.L. Hayden Co. v. Siemens Medical Systems, Inc.*, No. 84–0306, Tr. at 54–62a (S.D.N.Y. January 29, 1985) (Rulings before Magistrate Sharon E. Grubin), explains her reasoning. The second, a two-page order issued a week later, *H.L. Hayden Co. v. Siemens Medical Systems, Inc.*, No. 84–0306 (S.D.N.Y. February 5, 1985) (order), contains a one-paragraph summary of the Magistrate's prior rulings.[2] Although neither the transcript nor the opinion explicitly allocated the burden of persuasion to either party, they clearly require the plaintiffs to justify a modification of the protective order.

---

**1.** The two states have also subpoenaed documents directly from the defendants. Compliance with these subpoenas does not require modification of the protective order. The propriety of these demands are issues for the state courts.

**2.** The plaintiffs have characterized Magistrate Grubin's opinion as a one-paragraph decision applying a *per se* rule that denies disclosure

because of the existence of a protective order. The facts belie this assertion. Over several pages of transcript, Magistrate Grubin balanced the needs of the defendant against the interests of the state governments and found that disclosure was not warranted by the circumstances of this case. *H.L. Hayden Co. v. Siemens Medical Systems, Inc.*, No. 84–0306, Tr. at 54–62a (S.D. N.Y. January 29, 1985).

Magistrate Grubin cited several reasons for burdening the plaintiffs with the obligation of persuading the court. She pointed out that important issues of comity and the defendants' reliance on the protective order both counselled requiring the plaintiffs to justify modification. The possibility that the plaintiffs were seeking the modification as a means of harassing the defendants was also persuasive in this regard. Finally, Magistrate Grubin noted that Texas and New York had already served subpoenas on the defendants. The federal subpoenas were, therefore, of limited marginal utility. The added expense to the government in analyzing the documents on its own did not, in Magistrate Grubin's view, justify modification of the protective order.

The crux of the plaintiffs' objection is that Magistrate Grubin incorrectly allocated the burden of persuasion. Citing *United States v. GAF Corp.*, 596 F.2d 10, 16 n. 9 (2d Cir.1979), they contend that the Second Circuit requires that the party resisting disclosure make "a particular showing of the need for protection of specific materials," and that no such showing has been made. .

In seeking a reversal of the magistrate's decision, the plaintiffs bear the heavy burden of showing that the ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (1982); *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y.1982). The plaintiffs have not met this burden. Because we find that Magistrate Grubin properly allocated the burden of persuasion and that she correctly concluded that that burden had not been met, we deny the plaintiffs' motion to overturn her ruling.

I. *Discussion*

A. *United States v. GAF Corp.*

In *United States v. GAF Corp., supra,* the Justice Department issued a CID requesting documents that GAF Corp. had received through discovery from Eastman Kodak, the defendant in a private antitrust suit. Prior to exchanging documents, the parties to that suit had agreed to a protective order restricting third-party access to disclosed documents. The Department of Justice, nevertheless, sought disclosure pursuant to its authority to issue CID's under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 1311–14 (1982) (amending the Antitrust Civil Process Act, 15 U.S.C. § 1311–13 (1982)) ("Hart-Scott-Rodino") ("the Act").

The Second Circuit reversed the trial court's refusal to enforce the CID. *See United States v. GAF Corp.*, 449 F.Supp. 351 (S.D.N.Y.1978). The court held that, "as a matter of statutory authority, a CID may be enforced against a party for documents which it has obtained from the target in discovery." *Id.* at 16. But the court discounted the sweeping language of the Act which states that a CID "supersedes any inconsistent order ... preventing or restraining disclosure of such product of discovery to any person." 15 U.S.C. § 1312(c)(2) (1982). Instead, it left to the trial judge's discretion whether to retain the protective order against the government. But, in a footnote, the court stated that "[a]ny partial continuation against the Government of the protective order should be predicated upon a particular showing of the need for protection of specific materials, so that the statutory power we have upheld will not be defeated by a too narrow application in the particular case." *United States v. GAF Corp., supra,* 596 F.2d 10, 16 n. 9.

The plaintiffs seize upon this language to support their contention that the defendants must now demonstrate a need for continued protection of the materials sought by the Texas and New York Attorneys General. They argue that the Texas antitrust statute, which expressly provides that any CID "supercedes [sic] any inconsistent order, rule, or provision of law ... preventing or restraining disclosure ..." Tex.Bus. & Com.Code Ann. § 15.10(d)(2) (Vernon 1985), and the New York cases and statutes that vest New York's Attorney General with broad powers to gather relevant evidence and to pursue antitrust in-

vestigations, *see LaRossa, Axenfeld & Mitchell v. Abrams*, 62 N.Y.2d 583, 468 N.E.2d 19, 479 N.Y.S.2d 181 (1984), are comparable to Hart-Scott-Rodino. According to the plaintiffs, the existence of this analogous state authority requires us to place the burden of persuasion on the defendants to show a particularized need for continuing the protective order. This argument does not persuade us.

■ The relevant state statutes, cases, and policies do not control our conduct, for the states lack the power to regulate the procedures in the federal courts. *Hanna v. Plumer*, 380 U.S. 460, 469–70, 85 S.Ct. 1136, 1142–43, 14 L.Ed.2d 8 (1965). Federal cases concerning the modification of federal protective orders are our guide.

### B. *The Proper Analysis*

■ Unfortunately, the Second Circuit has yet to articulate a general rule allocating the burden of showing a need for continuation or modification of a protective order. Instead, their decisions counsel us to balance the degree to which preservation of a protective order will secure "the just, speedy, and inexpensive" resolution of civil disputes, Fed.R.Civ.P. 1, by encouraging the disclosure of all relevant evidence *against* the need for modification, which may enable the government to obtain evidence for law enforcement purposes, *see Martindell v. International Telephone and Telegraph Corp.*, 594 F.2d 291, 296 (2nd Cir.1979) and may avoid costly, repetitive discovery, *see Wilk v. American Medical Association*, 635 F.2d 1295, 1299 (7th Cir.1980). A useful approach tacitly adopted by a number of courts in ascertaining the balance, is to consider how a variety of factors, particular to the case at hand, bear on the balance. In particular, the courts look to the nature of the protective order, the status of the party for whom modification is sought, the degree to which the protected party relied on the order, and the government's role in the dispute. Although analysis of one factor may end the inquiry, a court should analyze each factor and determine which counsel allocating the burden of persuasion on the movants and *vice versa*. Since, in this case, nearly all of the relevant considerations suggest requiring the plaintiff to demonstrate a need for modification, we allocate the burden accordingly.

### C. *The Factors*

The four factors that the courts examine are outlined below.

#### 1. Good Cause

Despite the language of Rule 26(c), which requires a party advocating non-disclosure to show good cause for a protective order, an order or agreement requiring confidentiality may occasionally be made without the requisite showing of good cause. Either the court will simply sidestep the Rule, or the parties will informally agree to keep certain matters confidential without requesting judicial guidance. The courts have required the party or parties opposing modification of such orders and agreements to bear the burden of establishing the need for continued protection. This tendency is most evident in decisions involving "umbrella" type orders that indiscriminately restrict access to all discovered documents. *See, e.g., In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 101 F.R.D. 34 (C.D.Cal.1984) ("umbrella" protective order). The courts have taken a similarly dim view of informal "understandings of confidentiality" that offer no rationale for their classification of documents. *See United States v. Davis*, 702 F.2d 418, 422 (2d Cir.1983) (modification permitted because parties failed to obtain a written stipulation of confidentiality or a formal protective order). However, if the issuance of a protective order was supported by a showing of good cause, the burden of persuasion is typically placed on the party seeking modification. *See, e.g., Iowa Beef Processor, Inc. v. Bagley*, 601 F.2d 949, 954 (8th Cir.), *cert. denied*, 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979) (modification vacated because there was never any showing that "intervening circumstances

had ... obviated the potential prejudice to" the party protected by the order).

This "good cause" analysis provides a subtle measure of the conflicting policies that a court must weigh when deciding whether to modify a protective order. Maintenance of an order that is overbroad or unsupported by a showing of good cause will promote costly and inefficient discovery. On the other hand, rewarding a showing of good cause promotes efficient utilization of judicial resources.

The structure of Rule 26(c) also suggests incorporating "good cause" into the analysis. That rule requires a party advocating non-disclosure to show good cause for a protective order. If good cause was not shown when a protective order was initially issued, then the party seeking to maintain the order should bear the burden of establishing the need for continued protection. However, if the protective order was supported by a showing of good cause, the burden should be on the party seeking modification.

### 2. Reliance

Another consideration affecting the allocation of the burden of persuasion is the extent to which a party resisting modification relied on the protective order in affording access to discovered materials. The degree of reliance is an important indicator of the extent to which the protective order has served the purposes of Fed.R.Civ.P. 1, the "just speedy and inexpensive determination" of civil disputes.

The Second Circuit discussed reliance in *Martindell v. International Telephone and Telegraph Corp.*, 594 F.2d 291 (2d Cir.1979) (*"Martindell"*). *Martindell* was a shareholders' derivative suit alleging that certain officers and directors of International Telephone and Telegraph had expended money to influence the 1970 Chilean elections thereby wasting the corporation's assets. The federal government, an informal intervenor in the action, sought to modify a protective order entered in the civil litigation in order to obtain the defendant's deposition transcripts. The Second Circuit affirmed the district court's denial of the government's motion to modify the order.

The deponents' reliance on the protective order was crucial to the court's decision. The court noted,

[u]nless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences. In short, witnesses might be expected frequently to refuse to testify pursuant to protective orders if their testimony were to be made available for criminal investigatory purposes in disregard of those orders.

*Martindell, supra,* 594 F.2d at 295–96. In a footnote, the court added that reliance upon an order protecting preexisting documents from disclosure to the government in antitrust litigation "would normally be more difficult to justify." *Id.* at 297 n. 8. Thus, reliance is less relevant in that context.

### 3. The Pendency of Other Litigation

The pendency of litigation brought by the person or entity on whose behalf modification is sought may also influence the allocation of the burden of persuasion. Thus, the Second Circuit has noted that protective "orders are subject to modification to meet the reasonable requirements of parties in other litigation." *United States v. GAF Corp., supra,* 596 F.2d at 16. *Accord Wilk v. American Medical Association, supra,* 635 F.2d at 1299 (holding that where the modification of a protective order would "place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification"). Conversely, an important factor in cases denying the government access to a party's discovery has been the absence of a pending suit against the target party at the

time of the modification request. *Wilk v. American Medical Association, supra,* 635 F.2d at 1300 n. 11. In *United States v. United Fruit Co.,* 410 F.2d 553 (5th Cir.), *cert. denied,* 396 U.S. 820, 90 S.Ct. 59, 24 L.Ed.2d 71 (1969), the court affirmed a denial of the target's motion to permit a non-party to inspect the defendant's divestiture plans in an antitrust case. In affirming, the court stated that it would have treated the issue differently had the party seeking access been involved in a pending litigation. *Id.* at 556.

One explanation for these decisions is that the absence of any pending litigation against the target makes it less likely that modification of the protective order will avoid costly and repetitive discovery. The decisions also reflect the courts' logical fears that to permit parties not involved in a litigation to sift through another's work product may serve no purpose other than harassment. The courts demand some showing of commitment prior to granting a modification request.

### 4. The Government as a Party

■ That the government, and not a private party, seeks access to protected materials may also influence a court's decision. As a criminal "investigator, the government has awesome powers not lightly to be enhanced or supplemented by implication." *GAF Corp. v. Eastman Kodak Co.,* 415 F.Supp. 129, 132 (S.D.N.Y.1976), *rev'd sub. nom., United States v. GAF Corp., supra.* Likewise, in civil antitrust cases, the federal and state governments have at their disposal special investigatory powers not available to private litigants. *Wilk v. American Medical Association, supra,* 635 F.2d at 1300 (federal government). In recognition of these extensive powers, the courts may require the party seeking modification to make a special showing when the government is the party on whose behalf modification is sought. *See, e.g., Martindell, supra,* 594 F.2d at 296 (an "extraordinary circumstance or compelling need" must be shown); *In re Beef Industry Antitrust Litigation,* 457 F.Supp. 210,

211 (N.D.Tex.1978), *appeal dismissed,* 589 F.2d 786 (5th Cir.1979) (Congress cannot subpoena protected documents held by a litigant who received them pursuant to a federal protective order absent a showing of "extraordinary circumstances").

### D. *The Factors Considered*

■ An accounting of the four factors as they apply to the plaintiffs' request leads us to conclude that Magistrate Grubin correctly burdened the plaintiff/movants with persuading the court of the virtues of modification. Each of the four factors influences our decision.

The fourth factor, the governments' presence, is least influential. Although New York and Texas have greater powers than the average litigant, neither has shown any willingness to exercise the kind of potentially oppressive power that typically concerns the courts.

Of greater relevance is the fact that the protective order was supported by good cause. The order only restricted access to confidential business information, the disclosure of which was likely to cause serious harm. The movants will not be heard to complain that the order is unjustified.

The defendants' reliance on the protective order is also significant. The defendants proceeded with discovery under the expectation that the materials they disclosed would be used only for purposes of this lawsuit. The protective order facilitated a discovery process which the plaintiffs in their papers have described as "extensive and painstaking." The order was utilized to secure "the just, speedy, and inexpensive determination," Fed.R.Civ.P. 1, of an expensive, protracted and often bitter dispute. Although reliance is not the dispositive factor it was in *Martindell*—which involved issues of fifth amendment privilege—it does counsel against modification.

Perhaps the most important consideration is that neither New York nor Texas has an action pending against the defendants. Rather, the defendants are merely targets of the two states' "preliminary investigations." Throughout this litigation,

the plaintiffs appear to have attempted to interest various government agencies in the defendants' allegedly unlawful activities. This tactic might not normally concern us. Here it does, because harassment may well be the only motive for the sought after modification. Although we reach no conclusion in this regard, we do believe the preliminary nature of the New York and Texas investigations supports burdening the movants with the task of persuading the court to modify its order.

The protective order issued in this case has fulfilled a vital function by encouraging full disclosure of all evidence that might conceivably be relevant. Moreover, it has been narrowly tailored to this end. In addition, the government's status as an investigator rather than a litigant limits the need for modification. Taken together, these considerations lead us to require the party seeking modification of the order to provide some grounds for this request.

### E. *The Plaintiffs Have Not Met Their Burden*

The plaintiffs have failed to bring to our attention any circumstances that would justify modification of the magistrate's order. Their only contention is that savings of time and money would accrue to the states of New York and Texas as the result of a modification. This rationale is appropriately advanced in support of every modification request. When the burden is on a party to justify a modification, such well worn adages will not suffice. The movants must show some circumstance or circumstances justifying modification. This, they have not done.

### II. *Conclusion*

Magistrate Grubin correctly denied the plaintiffs' motion to modify the protective order. The plaintiffs' objections to the magistrate's ruling are overruled, and the magistrate's ruling is affirmed.

SO ORDERED.