[No. 52835–7.   En Banc.   March 26, 1987.]

MARINE POWER & EQUIPMENT COMPANY, INC., *Appellant,* v. THE DEPARTMENT OF TRANSPORTATION, *Respondent.*

*Aiken, St. Louis & Siljeg,* by *Charles E. Siljeg* and *William A. Olson,* for appellant.

*Kenneth O. Eikenberry, Attorney General, James K. Pharris, Senior Assistant,* and *Mary Jo Diaz, Assistant,* for respondent.

DOLLIVER, J.—Marine Power & Equipment Company, Inc., challenges the trial court's modification of a protective order regarding financial records discovered by defendant Department of Transportation. The modification allowed the Department to comply with a legislative subpoena requiring disclosure of certain documents to a nonparty, the respondent Legislative Budget Committee. We affirm.

In November 1981, Marine Power sued the Department of Transportation regarding a contract dispute arising from the construction of the Issaquah class ferries. The suit originally was filed in Thurston County. On September 13, 1982, the parties stipulated to a protective order, entered by Thurston County Superior Court Judge Fuller, regarding discovery of Marine Power's financial records. Marine Power agreed to make the requested financial records available, and the Department agreed it would not disclose information except to specified persons solely for use in the preparation and trial of the lawsuit. The order required those individuals who were allowed access to sign and file

written assurances of nondisclosure.

The parties settled their disputes in July 1985. The case had by then been transferred to King County, and a stipulation and order of dismissal was entered by King County Superior Court Judge Bever on July 26, 1985. The court, however, retained jurisdiction to decide issues related to the court record and possible continuation of the protective order.

Sometime during 1985, the Legislative Budget Committee began a review of the Department's execution of the ferry contract, in connection with an ongoing management survey and program review of the Department. The committee learned some of the documents it wished to review, although prepared by the Department and in the possession of the Department, were still subject to the protective order of the court. In January 1986, the committee moved for an order granting limited access to the financial records in possession of the Department regarding the ferry contract.

On January 10, 1986, Judge Bever in an oral ruling initially denied access to the documents but stated that, under the separation of powers doctrine, it would be inappropriate for the court to preempt the committee from pursuing discovery of documents under its own statutory authority. The court observed "[w]hatever is lawfully within the exercise of their power by statute remains lawfully within their power."

The committee's ability to respond to Judge Bever's ruling was delayed when Marine Power filed a petition under chapter 11 (bankruptcy) of the United States Code on February 14, 1986. The committee moved in federal bankruptcy court for relief from the automatic stay in order to continue its superior court proceedings regarding the entry, modification or vacation of Judge Bever's order. The bankruptcy court granted the motion.

The committee's next effort to obtain the documents began by issuing a subpoena duces tecum to Secretary of the Department of Transportation Duane Berentson, under

its statutory authority in RCW 44.28.110 and .120 to issue subpoenas and compel attendance of witnesses and production of documents. Secretary Berentson then moved in superior court for relief from the protective order or in the alternative for a stay of the committee's subpoena pending further court determination. Judge Bever reconsidered his earlier decision and on April 14, 1986, granted an order modifying the protective order and allowing the committee access to the documents. The order gave access only to executive committee members and only after they signed written assurances of nondisclosure. Marine Power now appeals from this order. The order provided for an automatic stay of compliance pending resolution of this appeal. The case was transferred to this court from the Court of Appeals by a ruling granting the committee's motion to transfer pursuant to RAP 4.3.

Marine Power contends the modification of the protective order was unjustified under the circumstances, violated the terms of the protective order and the principles of CR 26, and violated Marine Power's privacy interests. The committee asserts the modification was within the court's discretion to fashion and modify protective orders, was justified by the committee's need to evaluate the Department's performance, and did not violate any privacy interest since Marine Power had already subjected its financial records to public scrutiny by submitting them to bankruptcy court and since the modification was carefully limited to necessary individuals preserving the confidentiality of the records.

CR 26(c) provides a court may "for good cause shown . . . make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." The United States Supreme Court has stated:

> Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. . . . The trial court is in the best position to weigh fairly the competing needs

and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.

(Footnote omitted.) *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984).

Other courts interpreting this rule have established that protective orders are subject to later modification. *See, e.g., American Tel. & Tel. Co. v. Grady,* 594 F.2d 594, 596 (7th Cir. 1978), *cert. denied,* 440 U.S. 971 (1979). However, there is little agreement as to the showing necessary to support modification. *See, e.g., Wilk v. AMA,* 635 F.2d 1295 (7th Cir. 1980) (modification denied only if it would tangibly prejudice substantial rights of party opposing modification); *Martindell v. International Tel. & Tel. Corp.,* 594 F.2d 291 (2d Cir. 1979) (modification allowed only if extraordinary circumstances or compelling need). One court has referred to "the chaos that now characterizes this area of the law." *H.L. Hayden Co. v. Siemens Med. Sys., Inc.,* 106 F.R.D. 551, 552 (S.D.N.Y. 1985), *aff'd in part, dismissed in part,* 797 F.2d 85 (2d Cir. 1986).

██ *Hayden* is the most helpful recent authority in creating a framework for analysis of modification of protective orders to allow third party access. It stated a court must balance the need for preservation of the protective order to encourage the disclosure of all relevant evidence against the need for modification. *Hayden* identified several factors which courts have considered in ascertaining the balance and deciding whether to allow modification: (1) the nature and purpose of the original protective order; (2) the degree of reliance upon the order by the protected party; (3) the purpose and status of the party requesting modification; and (4) the government's role in the dispute. *Hayden,* at 554. This analysis provides a useful framework which we adopt for analyzing the arguments of the parties in this case.

██ 1. <u>Nature and purpose of original protective order.</u> The *Hayden* court describes this factor as a consideration

of whether the protective order was initially supported by a showing of good cause as required by CR 26(c). *Hayden,* at 554. An order supported by good cause would carry with it a presumption against modification. An order unsupported by a showing of good cause would not be afforded such a presumption, and the party seeking to preserve the order should bear the burden of establishing the need for continued protection. *Hayden,* at 555. Factors used in determining if good cause was shown include whether the order was narrowly tailored to specific documents or was an "umbrella" type order indiscriminately restricting access to all discovered documents, and whether the order was entered by stipulation or by a motion. *Hayden,* at 554.

In the present case, the record does not clearly indicate whether Marine Power had good cause at the time of entry of the protective order. The order was entered by stipulation and was limited to Marine Power's financial records. The court's memorandum opinion rather enigmatically states:

This Court proceeds on the assumption that "good cause" has already been established for the protective order at least to the satisfaction of the State in view of the fact that they have already entered into the stipulation. Protecting financial records is common among litigants.

The only potential basis for good cause mentioned anywhere in the record was Judge Bever's observation in an order issued 4 years later regarding continuation of the protective order: "[P]laintiff has asserted . . . that disclosure of such information would cause harm to its competitive position in the shipbuilding industry." Marine Power was at that time opposing a modification which would have allowed access to the Seattle Post–Intelligencer. Even if we were to assume this could have been a good cause basis for entry of the protective order, Marine Power has not indicated how disclosure to the legislative budget committee here could harm its competitive position in the industry.

2. <u>Degree of reliance upon the order by the protected</u>

party. The *Hayden* court indicated that discovered evidence which would not have come into existence but for reliance upon the presence of the protective order, such as a deposition of a reluctant witness, would be given great protection against later modification. Reliance upon an order protecting documents already existing before the litigation would normally be more difficult to justify. *Hayden,* at 555.

■ Here, the plaintiff, Marine Power, like the party in *Hayden* and all parties acting under a protective order, did proceed with discovery under the expectation the materials disclosed would be used only for the purposes of this lawsuit. However, a strong argument exists to contradict any claim of continued reliance by Marine Power since it has placed its financial status and history into public record due to the filing of its bankruptcy petition. As stated by Judge Bever:

> Overviewing the positions of the respective parties at this time, in this Court's opinion renders moot some of . . . the past considerations. Marine Power has chosen not to be as private as it was . . . [and] has submitted to the bankruptcy court a petition for reorganization placing its financial affairs before that court. Placing its financial affairs before that court places them before the public. They're vulnerable over the very things they're here protesting . . .

Although Marine Power asserts the specific information requested has not been disclosed in the bankruptcy proceeding, that proceeding has vitiated any assertion that disclosure would be harmful to its competitive interests.

Marine Power's position is easily distinguished from the witnesses protected in *Martindell v. International Tel. & Tel. Corp.,* 594 F.2d 291 (2d Cir. 1979), who relied on the order in revealing evidence otherwise protected by their Fifth Amendment privilege, and who had not revealed the information elsewhere. Marine Power's financial documents were in existence before this litigation and some have since been revealed in the public forum of the bankruptcy court.

3. The purpose and status of the party requesting modification. In *Hayden,* the court indicated it would favor

modification for persons requesting protected evidence for use in other litigation and would be less likely to modify for requests not related to other pending litigation. The court reasoned the modification should be based on a need to avoid costly and repetitive discovery rather than a request without any reasonable purpose. *Hayden,* at 555–56. Other courts have favored modification for third parties with other litigation pending. *United States v. GAF Corp.,* 596 F.2d 10, 16 (2d Cir. 1979) ("orders are subject to modification to meet the reasonable requirements of parties in other litigation . . ."); *Wilk v. AMA,* 635 F.2d 1295, 1299 (7th Cir. 1980) (where modification of a protective order would "place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification"). The court stated these decisions

> reflect the courts' logical fears that to permit parties not involved in a litigation to sift through another's work product may serve no purpose other than harassment. The courts demand some showing of commitment prior to granting a modification request.

*Hayden,* at 556.

■ Admittedly, the respondent committee in the present case is not presently involved in other litigation. Its motion for modification was intended to obtain information for a committee review of the Department's management and performance of a major contract. The court's modification can, however, be supported by reviewing the policies underlying the rule favoring modification for litigants. Although the committee is not engaged in litigation, its position is largely similar to a party engaged in litigation. It has the power to subpoena the documents requested under its statutory authority, RCW 44.28.110 and .120, just as a litigant has subpoena power under the rules of discovery. CR 26. The modification of the order avoids repetition of discovery already obtained. *See Wilk v. AMA, supra* at 1299.

Further, to the extent Marine Power has any legitimate privacy interest remaining in the documents, that interest is still protected by the assurances of confidentiality made by the committee. The modification order permits only a very limited number of specified persons to review the documents, all of whom have signed and filed written assurances of confidentiality under penalty of contempt proceedings. The committee's stated purpose is not to harass or in any way affect the interest of Marine Power but rather to review the performance of the Department under its statutory authority in RCW 44.28.080. The disclosure permitted here is not intended to affect Marine Power's competitive interests or disseminate the information to a wide audience, unlike requests for modification, for example, by members of the press. *See, e.g., Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984). It would appear the trial court had adequate reasons to modify the protective order since the modification was limited and based upon the statutory authority and legitimate interests of the committee, even though the committee is not presently engaged in litigation.

4. The government's role in the dispute. The *Hayden* opinion reflected a concern that the government's powers of investigation not be enhanced by use of the discovery process in unrelated disputes. Other courts have been particularly concerned about intrusion where the government is pursuing an investigation involving potential criminal liability. *See Martindell,* at 295–96 ("witnesses might be expected frequently to refuse to testify pursuant to protective orders if their testimony were to be made available to the Government for criminal investigatory purposes in disregard of those orders"). The *Hayden* court indicated, however, this concern would be insignificant if the government involved has indicated no intention to "exercise the kind of potentially oppressive power that typically concerns the courts." *Hayden,* at 556.

■ The committee has asserted no intent to use the information to harm Marine Power. Further, the committee

has no authority to do so, since its statutory powers are limited to studies regarding the expenditures and operations of state agencies. RCW 44.28.080. No criminal investigation is possible or suggested. The modification of the protective order here does not extend the government's powers of investigation. It should also be noted those persons who have access to the documents under the modified protective order have each signed a written assurance agreeing to comply with and be bound by the provisions of the order.

A review of these four factors leads to a conclusion the arguments in favor of modification outweigh the interests in preserving the order, and the trial court did not err in granting the modification. The primary cause articulated for the protective order—prevention of harm to competitive interests—is not as significant a basis for protection since Marine Power's financial history has been placed before the bankruptcy court. Further, the modification made here will not substantially affect privacy interests of Marine Power since the disclosure allowed is for a limited purpose without any potential for criminal investigation and expressly confined to a narrow group of individuals. An analysis of the purposes and interests of Marine Power and the committee supports the trial court's modification of the protective order. We find no abuse of discretion by the trial court; the modification of the protective order is upheld.

Affirmed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.