AMFAC FINANCIAL CORP., Plaintiff-Appellee, *v.* CLIFFORD POK SUNG SHIN, AILEEN CHANOCHE KONG SHIN, DORA CHONG AI LEE KONG, ENOCH KONG, WARREN ELWOOD AKIONA, PIONEER FEDERAL SAVINGS AND LOAN ASSOCIATION OF HAWAII, FINANCE FACTORS, LIMITED, RAINBOW FINANCE CORPORATION, RICHARD NIIDE and BETTY NIIDE, Defendants-Appellees, and CITY AND COUNTY OF HONOLULU and HOWARD M. SHIMA, Defendants-Appellants, and JOHN DOES 2-50, JANE DOES 1-50, DOE CORPORATION 1-50, DOE ENTITIES 1-50, DOE GOVERNMENTAL UNIT I and DOE GOVERNMENTAL UNITS 2-50, Defendants, and ALEXANDRIA ENTERPRISES and SECURITY PACIFIC MORTGAGE CORPORATION, Intervenors, and LIFE OF THE LAND, HANNAH CHONG, RACHEL ORTIZ, JOAN STROMBERG and JOAN TOAN, Intervenors-Appellants, and MERVYN LEE, Commissioner-Appellee

NO. 7185

CIVIL NO. 53231

SEPTEMBER 18, 1981

PADGETT, ACTING C.J., BURNS, J. AND CIRCUIT JUDGE GREIG
IN PLACE OF CHIEF JUDGE HAYASHI, DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by Life of the Land, a Hawaii non-profit corporation, on behalf of itself and its members and of Hannah Chong, Rachael Ortiz, Joan Stromberg and Mary Toan (listed in the record as "Joan" Toan), who are property owners in Kalia, Waikiki, Oahu. They contend that the circuit court erred in denying their motion to intervene as parties defendant in the instant case. We affirm the denial.

The instant action commenced with the filing of a complaint on December 2, 1977 by Amfac Financial Corporation for a mortgage foreclosure and the appointment of a receiver with respect to certain property situate in Kalia, Waikiki, Honolulu, upon which it was proposed to build a project which will be hereinafter referred to as the "Hobron". The case was actively pursued.

A building permit for the "Hobron" had been issued prior to the lawsuit. Extensions of time on various grounds were sought from the Building Department of the City and County of Honolulu which granted some but not all of the time requested. On June 16, 1978, a stipulation by all parties was entered into for the joinder of Howard M. Shima, Director and Superintendent of the Building Department of the City and County of Honolulu and of the City and County of Honolulu as parties defendant John Doe 1 and Doe Governmental Unit 1 because Mr. Shima, acting in his official capacity for the City and County of Honolulu, had refused to extend the duration of the building permit and threatened to revoke the same

under the provisions of § 18-5.4, Revised Ordinances of Honolulu. On the same day, the receiver moved and obtained from the court an ex parte temporary restraining order against Shima and the City and County. On June 19, 1978, the receiver moved for a preliminary injunction

> enjoining Defendants Howard M. Shima, Director and Superintendent of the Building Department of the City and County of Honolulu, and City and County of Honolulu from revoking Building Permit No. 73126, and from interfering in any way with the property that is the subject of said Building Permit . . .

The preliminary injunction is the only relief against Shima or the City and County which has been sought in this action.

The motion for preliminary injunction was heard before the Honorable Arthur S. K. Fong, judge presiding, on Wednesday, June 21, 1978 and considerable evidence was taken, at the conclusion of which, Judge Fong indicated that he would grant the injunction for a period of 60 days.

No order embodying the court's ruling was entered at that time. On July 28, the Corporation Counsel for the City and County of Honolulu, on behalf of Mr. Shima and the City and County, filed a motion for reconsideration of the court's oral decision granting the preliminary injunction, supported by an extensive memorandum and a copy of the deposition of the Defendant Clifford Shin. The motion was made returnable August 23, 1978. On August 9, appellants' motion to intervene, supported by affidavits, a memorandum and a notice, making it returnable August 22, was filed.

Rule 24(c), Hawaii Rules of Civil Procedure (HRCP), states in part:

> The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

As grounds for the motion, appellants stated:

> Movants seek to intervene as of right pursuant to Rule 24(a)(2), Hawaii Rules of Civil Procedure, on the grounds that they have property and environmental interests that would be adversely affected by the use of preperty [sic] which is the subject of the above-titled case, that disposition of this action will impede intervenor's [sic] ability to protect their interests, and that existing defendants do not adequately represent intervenors' inter-

est. Alternatively, movants seek leave to intervene pursuant to Rule 24(b), Hawaii Rules of Civil Procedure, on the grounds that intervenors' porposed [sic] objections to the disposition of this action involve questions of law and fact at issue in the present action.

No proposed pleading accompanied the motion.

The minutes of the court reflect that the motion was heard on August 22 and orally denied. No transcript of the hearing was ordered by appellants and none appears in the record.

On August 23, 1978, the motion for reconsideration of the oral order granting the preliminary injunction was partially heard with the hearing being resumed and concluded on August 30, 1978. The court reiterated its earlier ruling. That same day, its Findings of Fact and Conclusions of Law and the order enjoining Shima and the City and County from revoking Building Permit No. 73126 and from interfering in any way with said property or its improvements for a period of 60 days was signed. Both documents were filed on August 30, 1978. On August 31, the order denying the motion to intervene was signed. It was filed on September 1, 1978.

Appellants appealed from the denial of their motion to intervene and the City and County appealed from the granting of the preliminary injunction. The City's appeal was subsequently withdrawn.

The provisions of Rule 24, HRCP, under which appellants sought to intervene provide as follows:

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute, ordinance or executive order administered by an officer, agency or governmental organiza-

tion of the State or a county, or upon any regulation, order, requirement or agreement issued or made pursuant to the statute, ordinance or executive order, the officer, agency or governmental organization upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) *Procedure.*  A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.

No proposed pleading accompanied the motion to intervene as the mandatory language of Rule 24(c) requires. The identical language is contained in the parallel Arizona rule. In *Lebrecht v. O'Hagan,* 96 Ariz. 288, 394 P.2d 216 at 217 (1964), the court stated:

Rule 24(c) is a rescript of the same rule of Federal Rules of Civil Procedure. It has been construed in numerous cases to the effect that its provisions are mandatory. *Miami County Nat. Bank of Paola, Kan. v. Bancroft,* 10 Cir., 121 F.2d 921; *In re Finger Lakes Land Co., Inc., D.C.,* 29 F.Supp. 50, 51.

"The purpose of the rule requiring the motion to state the reasons therefor and accompanying the motion with a pleading setting forth the claim or defense is to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted." *Miami County Nat. Bank of Paola, Kan. v. Bancroft,* 10 Cir., 121 F.2d 921, 926, *supra.*

The order of the court below is affirmed.

To the same effect is *Board of Selectmen v. Monument Inn, Inc.,* a decision of the Massachusetts Court of Appeals, appearing at 391 N.E.2d 1265 (Mass. App. 1979), construing the parallel Massachusetts rule. There are also cases construing the identical federal rule provision in the same manner. *Gabauer v. Woodcock,* 425 F. Supp. 1 (D.C. Cir. 1976), *aff'd in part, rev'd in part on other grounds,* 594 F.2d 662 (8th Cir. 1979), *cert. denied,* 100 S. Ct. 80, 444 U.S. 841, 62 L. ed.2d 52 (1979); *Harlem Valley Transportation Association v. Stafford,*

360 F. Supp. 1057 at 1066 (D.C. S.D.N.Y. 1973), n.11. *Compare also,* *Hirshorn v. Mine Safety Appliances Company,* 186 F.2d 1023 (3d Cir. 1951); and *Usery v. Board of Public Ed.,* 418 F. Supp. 1037 (D.C. W.D. Penn. 1976).

Even if, however, we were willing to disregard appellants' failure to follow the provisions of Rule 24, there is still no basis in the record upon which to reverse the order below. We have previously quoted the grounds set forth in the motion with respect to the claim of intervention of right under Rule 24(a)(2). Appellants allege they have property and environmental interests that would be adversely affected by the use of the property; that disposition of the action will impede their ability to protect their interests; and that existing defendants do not adequately represent their interests.

If we take appellants' motion at face value, they are opposed to *any* use of the property in question. But even if we assume that what they really meant was that they opposed the use of the property by the building of the Hobron as permitted under the building permit, that still does not meet the test of Rule 24(a)(2) since no permanent injunction against the revocation of the building permit was or has been sought in this action. How the granting of a preliminary injunction for 60 days against the revocation of the building permit could impair or impede the intervenors' ability to protect their interests is nowhere revealed.

Moreover, Mr. Shima and the City vigorously opposed the preliminary injunction and there is nothing in the record to show that there were additional facts which might have been brought out by the appellants in opposition to the granting of the preliminary injunction. The affidavits attached to the motion are devoid of any such suggestion. From the record, it therefore appears that appellants' interests were adequately represented by existing parties.

Appellants have shown no basis for an intervention of right.

As to permissive intervention, the granting or denial thereof is a matter within the discretion of the court below and will be interfered with on appeal only when there has been an abuse of discretion. 7A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1913 (1972). Even if there had been a question of law or fact in common between the matter of the issuance of a preliminary injunction and appellants' interests, no showing of abuse of discretion has been made.

434

Appellants, in their briefs, advert to the fact that the City's appeal of the granting of a preliminary injunction was withdrawn. Since appellate courts do not decide moot issues and since the preliminary injunction expired of its own terms prior to the filing of a second motion for extension of time to docket record on appeal and order by Defendants Shima and the City and County of Honolulu, it is not surprising that that appeal was withdrawn. How appellants are adversely affected thereby is difficult to fathom.

At oral argument, appellants' counsel was queried as to just what it was that appellants were seeking. From his statements, it appeared that they were seeking the revocation of the building permit in question and were questioning the validity thereof. But the validity of the building permit was not in issue in the case below. The only issue in the court below was whether to grant a preliminary injunction against the revocation thereof. There is nothing in the record to indicate that when that injunction expired there was any bar to the City attempting to revoke the building permit in question. Likewise, there was no bar to the appellants bringing an action seeking that relief on whatever grounds they might have therefor. After all, where a preliminary injunction is based upon the determination of questions of fact, as this one was, it does not even become the law of the case. 42 AM. JUR.2d, INJUNCTIONS § 318 (1969). A preliminary order restraining conduct is interlocutory to both sides. *Trask v. Tam See*, 42 Haw. 324 (1958). In this connection, compare *Life of the Land v. Ariyoshi*, 59 Haw. 156, 577 P.2d 1116 (1978).

We fail to see how granting of a preliminary injunction below is *res judicata* with respect to any issue appellants might have wanted to assert in an independent action or how there was any question of law or fact in common between the issues litigated below and appellants' alleged interests. The order appealed from is affirmed.

*Fred Paul Benco (Walter P. Zulkoski* and *Paul McCarthy* on the briefs) for intervenors-appellants.

*Patrick Jaress (Linda M. Katsuki* and *Wesley Y. S. Chang* on the briefs, *Mukai, Ichiki, Raffetto & MacMillan* of counsel) for commissioner-appellee.