**H.L. HAYDEN CO. OF NEW YORK, INC. and Schein Dental Equipment Corp., Plaintiffs-Amicus Curiae,**

v.

**SIEMENS MEDICAL SYSTEMS, INC., Healthco, Inc. and Patterson Dental Co., Defendants-Appellees,**

v.

**The STATE OF NEW YORK, Appellant.**

**No. 729, Dockets 85–7619, 85–7821.**

United States Court of Appeals, Second Circuit.

Argued Feb. 3, 1986.

Decided July 25, 1986.

---

Alan Pfeffer, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. and Lloyd Constantine, Asst. Atty. Gen., New York City, of counsel), for appellant The State of N.Y.

Robert B. Bernstein, New York City (Kaye, Scholer, Fierman, Hays & Handler and Michael D. Blechman, New York City, of counsel), for defendant-appellee Siemens Medical Systems, Inc.

Anderson Russell Kill & Olick, P.C., Lawrence Kill, John E. Daniel and Deborah A. Swindells, New York City, for amicus curiae H.L. Hayden Co. of New York, Inc. and Schein Dental Equipment Corp.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND and CARDAMONE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

The State of New York, although not a party to this private action, appeals from two orders of the United States District Court for the Southern District of New York (Goettel, J.). The first order denied the plaintiffs' motion to modify a protective order; the second denied New York's motion to intervene for the purpose of appealing the first order. For the reasons stated herein, we affirm the district court's denial of intervention. Alternatively, we would dismiss the State's appeal from the first order for want of appellate jurisdiction.

On January 13, 1984, plaintiffs, H.L. Hayden Co. of New York, Inc. and Schein Dental Equipment Corp. (collectively "Hayden"), sued Siemens Medical Systems, Inc., Healthco, Inc. and Patterson Dental Co. (collectively "Siemens"), alleging various federal and State anti-trust violations. Prior to discovery, the district court entered a protective order to shield the various parties—four of whom competed with each other—from possible misuse of confidential business information. Under the protective order, the producing party could designate commercially sensitive information as falling within one of three levels of confidentiality, the highest level limiting disclosure exclusively to "outside counsel". The order provided that confidential information be filed under seal, receive *in camera* treatment on the trial and be returned or destroyed upon the termination of the litigation. It also provided that the protected material not be used for any purpose other than trial preparation, trial, and post-trial proceedings, and that the treatment accorded the protected material under the order survive the termination of the action.

In December 1984, the Attorney General of the State of New York served Hayden with subpoenas duces tecum pursuant to N.Y.Gen.Bus.Law § 343. The subpoenas sought, among other things, all the documents produced to Hayden by Siemens in the instant litigation as well as all of Hayden's work product relating to those discovered documents.

Hayden indicated its willingness to comply with the subpoenas and to waive its work product privilege, on condition that New York keep the material confidential. Hayden informed the Attorney General, however, that a protective order prevented it from revealing any information produced by Siemens which had been marked confidential. Hayden then agreed to seek modification of the protective order and to waive its provisions insofar as they barred Siemens from revealing to the State confidential information which Siemens had received from Hayden.

Hayden filed a motion to modify on January 8, 1985. Affirming the magistrate's denial of the modification motion, the district court refused to authorize disclosure of the protected material to the New York State authorities. *See* 106 F.R.D. 551. Hayden appealed that decision to this Court.

On August 20, 1985, the State moved under Fed.R.Civ.P. 24(a) and (b) to intervene for the purpose of also appealing the district court's refusal to modify the protective order. The district court denied that motion, whereupon New York sought review in this Court. The two appeals were consolidated for argument. On December 3, 1985, this Court dismissed Hayden's appeal, ruling that the district court's order denying modification was not final, at least as to Hayden, and therefore not appealable. Consequently, we are concerned here only with the appeal taken by New York.

We agree with the district court's ruling that New York was not entitled to intervene as of right under Fed.R.Civ.P. 24(a)(2). In addition, we hold that the district court did not abuse its discretion in denying permissive intervention under Rule 24(b)(2).

■ In order to establish a right to intervene under Rule 24(a)(2), a would-be intervenor must establish that its application is

timely, that it has an interest in the subject of the action, that disposition of the action may as a practical matter impair its interest, and that representation of its interest by existing parties is inadequate. *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir.1984); *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978). New York cannot meet this standard.

■■■ The State has no " 'significantly protectable interest' in the litigation" that will be impaired by the disposition of the action. *Rios v. Enterprise Ass'n Steamfitters Local Union # 638*, 520 F.2d 352, 357 (2d Cir.1975) (quoting *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971)). Although definitions in this area necessarily are flexible and imprecise, *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., supra*, 725 F.2d at 875, it is clear that to be "significantly protectable", a would-be intervenor's interest must be "direct and immediate", not "remote or contingent". *Id.* at 874. New York argues that its interest in the enforcement of its anti-trust laws, in gaining access to Hayden's work product, and in reviewing the facts with all concerned, are so significantly protectable as to warrant intervention. We disagree. "Once a confidentiality order has been entered and relied upon, it can only be modified if an 'extraordinary circumstance' or 'compelling need' warrants the requested modification." *FDIC v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982). New York's power of subpoena raises a rebuttable presumption against its argument that it has no reasonable alternative to the method of investigation it seeks to pursue. *Palmieri v. New York*, 779 F.2d 861, 866 (2d Cir.1985).

Pursuant to its power of subpoena, New York has or will have copies of the same Siemens' records now in Hayden's possession. It is not at all clear that either the protective order or grand jury secrecy would bar the State from discussing these properly subpoenaed records with Hay-den's attorneys, thus receiving the indirect benefit of Hayden's work product. *See United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52 (2d Cir.1960); *Fleet National Bank v. Export-Import Bank of the United States*, 612 F.Supp. 859, 867–68 (D.D.C.1985); *Capitol Indemnity Corp. v. First Minnesota Construction Co.*, 405 F.Supp. 929, 930–31 (D.Mass.1975). Assuming this cannot be done, the modest impairment of the State's enforcement efforts that results from the district court's decision is not sufficient to justify an automatic right of intervention, since New York's ability to enforce its anti-trust laws has not been destroyed or even significantly curtailed.

The decision in *United States v. American Tel. & Tel. Corp.*, 642 F.2d 1285 (D.C. Cir.1980), upon which New York heavily relies, does not point to a contrary conclusion. Unlike the would-be intervenor in that case, New York fails to assert "a legal interest as distinguished from interests of a general and indefinite character...." *Id.* at 1292 (quoting *Radford Iron Co. v. Appalachian Elec. Power Co.*, 62 F.2d 940, 942 (4th Cir.), *cert. denied*, 289 U.S. 748, 53 S.Ct. 691, 77 L.Ed. 1494 (1933)). In *United States v. AT & T, supra*, MCI Communications Corp. and MCI Telecommunications Corp. sought to intervene in order to prevent their own work product from being disclosed to their principal competitor, AT & T. Here, by contrast, New York asserts a Rule 24(a)(2) interest, not in its own confidential documents or work product, but rather in those of the original litigants, Siemens and Hayden. This latter interest hardly compares to the one recognized and protected in *United States v. AT & T*.

Where issues relating to the appellate process create a divergence of interests between the party representing the would-be intervenor's interest and the would-be intervenor, intervention for the purpose of protecting the latter's appellate rights may be appropriate. *See, e.g., United States v. AT & T, supra*, 642 F.2d at 1294; *Smuck v. Hobson*, 408 F.2d 175, 181 (D.C.Cir.1969) (en banc). That is not the situation here.

Unlike the representative parties in the above-cited cases, Hayden did not refuse to pursue an appeal. Hayden's attempted appeal was dismissed pursuant to the final order rule, not because its representation was any less effective than in the trial court.

Furthermore, the State "has not pointed to any necessary element which would be added to the suit because of [its] intervention." *Blake v. Pallan*, 554 F.2d 947, 955 (9th Cir.1977). As discussed below, even if New York were allowed to intervene, the district court's refusal to modify the protective order would remain unappealable as a non-final order. Consequently, New York suffers the same inadequacy that it attributes to Hayden. In sum, the district court did not err in denying intervention as of right.

In *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir.1979), where the federal government sought to modify a protective order in a private suit, this Court suggested that the proper procedure was for the Government to seek permissive intervention pursuant to Rule 24(b)(2). *Id.* at 294. Permissive intervention, however, is discretionary with the trial court. *United States Postal Service v. Brennan, supra,* 579 F.2d at 191. Rule 24(b)(2) states that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Additional relevant factors "include the nature and extent of the intervenors' interests," the degree to which those interests are "adequately represented by other parties," and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326, 1329 (9th Cir.1977) (footnotes omitted), *quoted in United States Postal Service v. Brennan, supra,* 579 F.2d at 191–92.

New York's request for disclosure already has caused substantial delay in the progress of this litigation, and there is no assurance that New York's intervention as a party would not cause additional delay, *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., supra,* 725 F.2d at 877. As discussed above, New York has no direct interest in the underlying litigation. In fact, the district court felt that the only reason New York wanted to intervene was to eliminate whatever precedential value there was in the court's refusal to modify the protective order. Finally, the State has not demonstrated that intervention by it will assist in the just and equitable adjudication of any of the issues between the parties.

The district court's discretion under Rule 24(b)(2) is very broad. *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., supra,* 725 F.2d at 876; *United States Postal Service v. Brennan, supra,* 579 F.2d at 191. In fact, "a denial of permissive intervention has virtually never been reversed." *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 990 n. 19 (2d Cir.1984). We cannot say that the district court abused its discretion in denying such intervention in the instant case.

Even if New York were to succeed in challenging the denial of intervention, we nevertheless would lack jurisdiction over the remainder of its appeal. Because the order denying modification did not dispose of the entire controversy in the district court, the order was not final within the meaning of 28 U.S.C. § 1291. *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1298 (7th Cir.1980). Moreover, this Court's order of December 3, 1985 established as the law of the case that the district court's order is nonappealable as to Hayden. New York has not distinguished its situation sufficiently from that of Hayden on this question to merit disparate treatment. The State's contention that it absolutely must see Hayden's work product now rather than later does not make the order denying modification final. Acceptance of New

York's argument would make a special exception to the finality rule simply to fit the State's asserted needs. We decline to make such an exception.

■ The district court's denial of modification does not fall within the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Although the order of denial resolves an issue that is separate from the merits of the action, it does not conclusively determine a serious and unsettled question of law and is reviewable on appeal from the final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

■ Finally, we decline to adopt the approach taken by the Seventh Circuit in *Wilk v. American Medical Ass'n, supra*, 635 F.2d at 1298, where the court found mandamus to be an appropriate remedy under facts somewhat similar to those presented here. Instead, we continue to adhere to our holding in *Martindell v. ITT, supra*, 594 F.2d at 294, that "this extraordinary writ would hardly be available ... where the only purpose was to obtain modification of a pretrial order for investigative purposes."

For the reasons above given, we affirm the district court's denial of New York's application to intervene. We also hold that, even if New York were permitted to intervene, its appeal from the district court's refusal to modify the protective order would have to be dismissed because the order lacks the requisite finality for review by this Court.