910 P.2d 112

Ninia **BAEHR**, Genora Dancel, Tammy Rodrigues, Antoinette Pregil, Pat Lagon, Joseph Melillo, Plaintiffs–Appellees,

v.

Lawrence H. **MIIKE**,[1] in his official capacity as Director of the Department of Health, State of Hawai'i, Defendant–Appellee,

and

Charles W.H. **Goo**, Harry Haleakala **Brown**, Jr., Delbert F. **Kim** and The Church of Jesus Christ of Latter–Day Saints, Applicants for Intervention–Appellants.

No. 18905.

Supreme Court of Hawai'i.

Jan. 23, 1996.

---

1. The present action was initially instituted on May 1, 1991 against John C. Lewin, then-State Director of Health. After the November 1994 general election, and while this case was still pending, Lawrence H. Miike was appointed by newly elected Governor Benjamin Cayetano, and later confirmed by the Senate, to succeed John C. Lewin as State Director of Health. See Haw. Const. art. V., § 6, paragraph 2. Pursuant to Hawai'i Rules of Appellate Procedure Rule 43(c)(1), Miike has been substituted automatically for Lewin as a defendant in the present action.

Partington & Foley, Daniel R. Foley, Honolulu (Kirk H. Cashmere, Honolulu, Evan Wolfson, Lambda Legal Defense and Education Fund, Inc., New York City, with him on the briefs), for Plaintiffs–Appellees.

Margery S. Bronster, Attorney General, State of Hawaii, Steven S. Michaels, First Deputy Attorney General, State of Hawaii, on the briefs, Honolulu, for Defendant–Appellee.

James M. Sattler, on the briefs, Honolulu, for Applicants for Intervention–Appellants.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

NAKAYAMA, Justice.

Plaintiffs-appellees (Plaintiffs) are three same-sex couples who applied for marriage licenses. When the Department of Health (DOH) denied their applications on the basis of Hawai'i Revised Statutes (HRS) § 572–1 (1993), Plaintiffs filed a complaint for declaratory judgment on May 1, 1991. The circuit court entered final judgment on the pleadings on October 1, 1991. Plaintiffs filed a timely appeal, and, on May 5, 1993, this court vacated the circuit court's order and judgment and remanded the case to the circuit court for further proceedings. *Baehr v. Lewin*, 74 Haw. 530, 74 Haw. 645, 852 P.2d 44, *reconsideration granted in part*, 74 Haw. 650, 875 P.2d 225 (1993). Trial had been set for September 25, 1995, and has been subsequently continued to a later date.

Applicants for Intervention–Appellants (Applicants), three clergy members of the Church of Jesus Christ of Latter–Day Saints (LDS) and the LDS church itself, contend that, in late 1994, they

> became aware, for the first time, that the Attorney General, acting on behalf of [the State of Hawai'i], might not be willing to assert at the upcoming trial **all** of the known compelling state interests that are furthered by [HRS] § 572–1 which have been determined, in other jurisdictions, to be legally sufficient to justify similar legislation.

(Emphasis in original.) Applicants contend that, in January 1995, representatives of the LDS church read papers furnished by the Office of the Attorney General (Attorney General) and were able to confirm the aforementioned information. Following this confirmation, Applicants filed their motion to intervene. On March 15, 1995, oral arguments were heard on the motion. On April 12, 1995, without comment, the circuit court denied Applicants' motion to intervene. On April 12, 1995, Applicants timely filed their notice of appeal.

On appeal, Applicants contend that the circuit court erred in denying Applicants' motion to intervene "by right" pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 24(a)(2).[2] Additionally, Applicants contend that the circuit court abused its discretion in denying Applicants' motion to intervene "permissively" pursuant to HRCP Rule 24(b)(2).[3]

---

2. HRCP Rule 24(a)(2) provides that:

**Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he [or she] is so situated that the disposition of the action may as a practical matter impair or impede his [or her] ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

3. HRCP Rule 24(b)(2) provides:

**Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute, ordinance or executive order administered by an officer, agency, or governmental organization of the State or a county, or upon any regulation, order, requirement or agreement issued or made pursuant to the statute, ordinance or executive order, the officer, agency or governmental organization upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

## I.

■ "An order denying an application for intervention by right under Rule 24(a)(2), HRCP, is final and appealable, ·*Martin v. Kalvar Corp.*, 411 F.2d 552 (5th Cir.1969), and is reviewable under the right/wrong standard of review." *Kim v. H.V. Corp.*, 5 Haw.App. 298, 301, 688 P.2d 1158, 1160 (1984) (footnote omitted).

In *Ing v. Acceptance Ins. Co.*, 76 Hawai'i 266, 271, 874 P.2d 1091, 1096 (1994), we adopted the standard set forth in *Kim*, 5 Haw.App. at 301, 688 P.2d at 1161, for an application of intervention pursuant to HRCP Rule 24(a)(2). We also stated that:

Rule 24(a)(2), HRCP, requires [the court] to consider four factors in assessing [the applicants'] right to intervene: a) whether the application was timely; b) whether [the applicants] claim[ed] an interest relating to the property or transaction which [was] the subject of the action; c) whether the disposition of the action would, as a practical matter, impair or impede the [applicants'] ability to protect that interest; and d) whether [the applicants' interest was] inadequately represented by the existing defendants.

(Citation omitted.)

■ Applying the foregoing criteria, we focus on the second factor of whether Applicants had "an interest relating to the property or transaction which was the subject of the action." According to Applicants, their interest in this case is to preserve their state-issued licenses to solemnize marriages under HRS § 572–11 (1993).[4] Applicants contend that, because they are licensed by the State of Hawai'i (State) to solemnize marriages pursuant to HRS § 572–11, refusal to solemnize a same-sex marriage may result in revocation of their state-issued licenses under HRS § 572–13.5 (1993).[5] Applicants are concerned that, in the event that members of the same sex are permitted to be married in Hawai'i, refusal to perform such solemnization would result in revocation of their state-issued licenses. Therefore, Applicants contend that they have a right to intervene pursuant to HRCP Rule 24(a)(2). We disagree.

HRS § 572–12 (1993) provides in relevant part that:

A license to solemnize marriages may be issued to, and the marriage rite may be performed and solemnized by any minister, priest, or officer of any religious denomination or society who has been ordained or is authorized to solemnize marriages according to the usages of such denomination or society, or any religious society not having clergy but providing solemnization in accordance with the rules and customs of that society, or any justice or judge or magistrate, active or retired, of a state or federal court in the State, upon presentation to such person or society of a license to marry, as prescribed by this chapter.

We agree with the Plaintiffs' persuasive analysis that HRS § 572–12 does not *require* a minister, priest, or officer of any religious denomination or society to solemnize a marriage that is not in accordance with the usages, rules, and customs of that religious denomination or society. Likewise, it does not require or mandate a minister, priest, or officer of any religious denomination or society to solemnize a marriage that *is* in accordance with the usages, rules, and customs of that religious denomination or society. Nor does it unconditionally require a minister, priest, or officer of any religious denomination or society to perform marriage ceremonies at all. Instead, HRS § 572–12 *authorizes* such a minister, priest, or officer to perform a marriage ceremony according to the usages, rules and customs of that reli-

---

**4.** HRS § 572–11 (1993) provides: "**Marriage ceremony; license to solemnize.** It shall not be lawful for any person to perform the marriage ceremony within the State without first obtaining from the department of health a license to solemnize marriages."

**5.** HRS § 572–13.5 provides:

**Revocation or suspension of licenses to solemnize.** Any license to solemnize marriages issued pursuant to section 572–12 may be revoked or suspended by the department of health, if the holder of the license has failed to comply with the applicable provisions of this chapter or of the rules of the department of health.

gious denomination or society.[6] Therefore, under HRS § 572–12, Applicants would not be *required* to solemnize a same-sex marriage, or any other marriage, and would not risk losing their licenses for refusing to do so.

Applicants also contend that, if Hawai'i permits same-sex marriages, their refusal to solemnize such marriages could result in a gender discrimination lawsuit against Applicants. We agree that a groundless lawsuit could be filed against Applicants stemming from their refusal to solemnize a same-sex marriage. However, the mere chance that a non-meritorious lawsuit may be filed against a party seeking intervention does not create an interest requiring intervention in the present action. In order to show the requisite interest in the present case, based on the possibility of facing future litigation, a potential lawsuit must be shown to be meritorious. Therefore, for the following reasons, we disagree with Applicants' assumption that their refusal to solemnize a same-sex marriage could result in a meritorious gender discrimination suit.

■ The free exercise clause of the first amendment to the United States Constitution prohibits the government from imposing burdens on persons because of their religious beliefs.[7] Likewise, it prevents the government from interfering with the tenets and principles of a religious entity.[8]

"Certain aspects of religious exercise cannot, in any way, be restricted or burdened by either federal or state legislation." *Braunfeld v. Brown*, 366 U.S. 599, 603 [81 S.Ct. 1144, 1146, 6 L.Ed.2d 563]

(1961). "The door of the Free Exercise Clause stands tightly closed against any government regulation of religious *beliefs* as such, *Cantwell v. Connecticut*, 310 U.S. 296, 303 [60 S.Ct. 900, 903, 84 L.Ed. 1213]." *Sherbert v. Verner*, 374 U.S. 398, 402 [83 S.Ct. 1790, 1793, 10 L.Ed.2d 965] (1968) (emphasis in original). "However, the freedom to act, even when the action is in accord with one's religious convictions, is not totally free from legislative restrictions, *Cantwell [ ], supra*, at [ ] 303–304, 306, 60 S.Ct. at 903–904, 904." *Braunfield [Braunfeld] [ ]*, 366 U.S. at 603, 81 S.Ct. at 1146. *Koolau Baptist Church v. Dept. of Labor & Indus. Rels.*, 68 Haw. 410, 417, 718 P.2d 267, 271 (1986).

Moreover, this court has recently held that when claims "can be adjudged only in accordance with standards of church doctrine, church law, or church governance, such claims cannot be adjudicated by a civil court without abridging the free exercise clauses of the state and federal constitution." *O'Connor v. Diocese of Honolulu*, 77 Hawai'i 383, 393, 885 P.2d 361, 371 (1994).

In the present case, "Applicants are unequivocal in their refusal to solemnize or to authorize the solemnization of a 'marriage' between persons of the same sex." If Hawai'i permits same-sex marriages, and the Applicants' religious beliefs forbade them from solemnizing marriages of same-sex couples, then the state could not require them to do so. *Koolau Baptist Church*, 68 Haw. at 417, 718 P.2d at 271. Such a requirement would create excessive entanglement between government and religion, resulting in a violation of the free exercise clause. *See generally* Religious Freedom Restoration Act

---

6. The same rationale applies, for example, to persons licensed in Hawai'i to practice law (HRS § 605–2), persons licensed in Hawai'i to drive a motor vehicle (HRS § 286–102), and persons licensed in Hawai'i to practice dentistry (HRS § 448–2). Having such a license *authorizes* them to practice law, drive a vehicle, or practice dentistry, respectively; however, having such a license does not *require* them to practice law, drive a vehicle, or practice dentistry.

7. The first amendment to the United States Constitution provides in relevant part that "[c]ongress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof . . ."

8. We recognize that there are situations in which "activities of individuals, even when religiously based, are often subject to regulation by the States in the exercise of their undoubted power to promote the health, safety, and general welfare, or the Federal Government in the exercise of its delegated powers. *Wisconsin v. Yoder*, 406 U.S. 205, 220, 92 S.Ct. 1526, 1535, 32 L.Ed.2d 15 (1972) (citations omitted)." *Koolau Baptist Church v. Department of Labor & Indus. Rels.*, 68 Haw. 410, 417–18, 718 P.2d 267, 272 (1986). However, refusal to solemnize a same-sex marriage would not be a situation in which the government would interfere with the tenets and principles of the LDS Church.

of 1993, 107 Stat. 1488, 42 U.S.C. § 2000bb (1993).

Thus, Applicants have failed to describe "an interest relating to the property or transaction which is the subject of the action." Because the requirements of intervention by right are stated in the conjunctive, it is necessary for Applicants to meet all four criteria set forth in *Ing.* Failure to meet even one prevents intervention "by right" under HRCP Rule 24(a)(2). Accordingly, we hold that, because Applicants have failed to present such an interest in this case, the circuit court did not err in denying Applicants' motion to intervene "by right" pursuant to HRCP Rule 24(a)(2).

## II.

HRCP Rule 24(b)(2) permits intervention in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." "As to permissive intervention, the granting or denial thereof is a matter within the discretion of the court below and will be interfered with on appeal only when there has been an abuse of discretion." *Amfac Financial Corp. v. Shin,* 2 Haw.App. 428, 433, 633 P.2d 1125, 1129 (1981) (citing 7A Wright & Miller & Kane, Federal Practice and Procedure § 1913 (1972)). Therefore, when we are asked to review a denial of permissive intervention, our task is not to determine whether the factors of Rule 24(b)(2) are present, but it is rather to determine whether the trial court committed an abuse of discretion in denying the motion. *Worlds v. Department of Health & Rehab. Services,* 929 F.2d 591, 595 (11th Cir.1991). We emphasize that "the [trial] court's discretion under Rule 24(b)(2) is very broad." *H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc.,* 797 F.2d 85, 89 (2d Cir.1986) (citations omitted). "In fact, 'a denial of permissive intervention has virtually never been reversed.'" *New York News, Inc. v. Kheel,* 972 F.2d 482, 487 (2d Cir.1992) (quoting *United States v. Hooker Chemicals & Plastics Corp.,* 749 F.2d 968, 990 n. 19 (2d Cir.1984)).

Applicants contend that permissive intervention is appropriate: (1) because "the record before the Hawai'i Supreme Court was deficient in its 'present embryonic form'"; (2) in order to develop a full and complete record for a proper resolution of *all* issues at stake; and (3) because "[i]t is an undeniable fact that the DOH, acting through the Attorney General, is subject to [time, financial, and political] restraints and limitations."

Applicants' reasons for permissive intervention fail to adequately demonstrate that intervention would assist in the just and equitable adjudication of any issues between the parties. *Hayden,* 797 F.2d at 89. Moreover, as previously indicated, Applicants have failed to present "an interest relating to the property or transaction which is the subject of the action." Thus, not only have Applicants failed to establish that a common question of law or fact exists between the Applicants' alleged interest and the main action, but, more importantly, Applicants have failed to show that the circuit court abused its discretion in disallowing permissive intervention. *Shin,* 2 Haw.App. at 433, 633 P.2d at 1129. Accordingly, we hold that the circuit court did not abuse its discretion in denying Applicants' motion to intervene "permissively" pursuant to HRCP Rule 24(b)(2).

## III.

Based on the foregoing reasons, we affirm the order of the circuit court.